UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CHRISTOPHER WHITE, <br>                 Defendant. | 24-CR-300 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

Before the Court is the Government's Motion for a Protective Order.  *See* ECF No. 9.

For the reasons stated below, the motion is **GRANTED IN PART and DENIED IN PART**,

without prejudice to renewal.

## BACKGROUND

The Government requests that the Court enter a proposed Protective Order, which would

provide for two confidentiality designations: one for "Sealed Material," including certain DNA

Records; and a second for "Disclosure Material," including:

- footage from body-worn cameras ("BWC Footage");

- internal New York Police Department ("NYPD") reports from the NYPD's Electronic Case Management System ("ECMS Records");

- internal reports and records, and communications with, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF Records"); and

- Cellular phone records obtained from various third parties, including, e.g., Apple, Inc. and Verizon Communications Inc. (the "Third Party Records").

*See* ECF No. 9 at 4.  Under the terms of the proposed Protective Order, Sealed Materials would

be placed under strict restrictions permitting disclosure only to the Defendant, personnel for

whom defense counsel is responsible, and prospective witnesses; and could initially only be filed

under seal.  *See* ECF No. 9-1 ¶ 4.  Disclosure Material would be subject to various, less

cumbersome, restrictions on disclosure.  *See id.* ¶ 3.

1

The Defendant "does not object" to the Government's proposed Protective Order to the extent that it designates the DNA Records as Sealed Material, and he "does not currently object" to the proposed Order's designation of the Third Party Materials as Disclosure Material. *See* ECF No. 12 at 3. But the Defendant does object to the designation of various law enforcement records—namely, the BWC Footage, the ECMS Records, and the ATF Records—as Disclosure Materials. *See* ECF No. 12 at 4.

## DISCUSSION

Federal Rule of Criminal Procedure 16(d)(1) provides that a court may issue a protective order over materials produced during discovery. Such protective orders are only appropriate upon a showing of good cause, which exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y 2006) (citing *Shingara v. Skiles*, 420 F.3d 301, 206 (3d Cir. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Smith*, 985 F.Supp. 2d 506, 523 (S.D.N.Y. 2013). And the court must "ensure that the protection afforded to discovery information is no broader than is necessary to accomplish the proffered goals of the protective order." *Id.* at 524.

There are several issues not in dispute here. As noted, the Defendant concedes that there is good cause to designate the DNA Records as Sealed Materials. *See* ECF No. 12 at 3. Having reviewed the parties' submissions, the Court agrees. With respect to the Third Party Materials, the Government contends that, unless the Defendant concedes that the cell phone in question belongs to him, "it is in dispute whether the Third Party Records include sensitive personal information—such as the names, addresses, phone numbers, and billing information—belonging to individuals *other than the defendant*," such that, "at least at this stage" of the proceedings,

2

good cause exists to prohibit public dissemination of the Third Party Records.  ECF No. 9 at 6.

As noted, Defendant does not currently contest the Government's position on the Third Party

Records.  The Court finds, at least at this stage of the proceedings, that good cause exists for

designating the Third Party Records as Disclosure Materials.  *See United States v. Jackson*, No.

21 Cr. 537 (LTS), 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022) (good cause for a protective

order exists "when a party shows that disclosure will . . . compromis[e] the privacy interests of

innocent third parties") (internal quotation marks and citation omitted).

Regarding the remaining materials, however, the Government has not established the

requisite good cause under Rule 16.  First, with respect to the BWC Footage and the ECMS

Records, the Defendant maintains that these materials have "already been disclosed to Mr. White

in Bronx state court without a protective order, with no evidence of any resulting harm."  ECF

No. 12 at 4.  The Government, while averring that it "has not independently confirmed whether

this is true," ECF No. 13 at 3 n.1, does not dispute this representation.  The Court cannot find

that there is good cause to restrict the Defendant's use of these materials, given that the

Defendant already has unrestricted access to them via a separate proceeding.  *See United States*

*v. Seales*, 20 Cr. 359 (PAE), ECF No. 20, Tr. 27:24–28:3 (Aug. 19, 2020) (noting that where "the

NYPD's materials were earlier produced to [the defendant] in the context of a state prosecution,

without any protective order in place," "[i]t is difficult, to say the least, to see why a protective

order is necessary as to documents to which the defendant independently has unrestricted

access.").  Indeed, the Government appears to have conceded as much in another case.  *See*

*United States v. Young*, 20 Cr. 391 (RA), ECF No. 27, Tr. 14:15–22 (Sept. 17, 2020)

(acknowledging a case in which "the discovery materials had been produced in state court

without a protective order.  In that case, it seems to me that the materials had already been produced, and therefore a protective order wouldn't be necessary.").

That leaves the ATF Records.  The Government's effort to show good cause with respect to these records amounts to: (1) a single sentence in its Opening Brief: "ATF Records include a host of typically non-public information that, if examined, reveals a great deal about the internal workings of the . . . ATF," ECF No. 9 at 5; and (2) a single sentence in its Reply, referencing its Opening Brief: "The Government has pointed to specific risks posed by the public disclosure of the . . .  ATF Records, which, as set forth in the Motion, contain information about the internal workings of th[e] agenc[y] and [its] investigative steps," ECF No. 13 at 2.  Such "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Smith*, 985 F.Supp. 2d at 523.  The Government's position would justify a protective order with respect to essentially any and all law enforcement records, which Rule 16 does not contemplate.

It is true, as the Government notes, that other courts in this District have approved similar orders; but the vast majority of these orders approved unopposed motions.[1]  And there are numerous instances where courts in this District have rejected similar proposed protective orders that would, as the Government requests here, sweep broadly to cover essentially all law enforcement records.  *See, e.g.*, *Young*, 20 Cr. 391 (RA), Doc. 27, Tr. 17:1–7 (in firearms case, rejecting the Government's blanket assertion that public disclosure of law enforcement records "would cause specific harm to law enforcement interests" by revealing "internal investigatory steps undertaken by the NYPD and the internal reports generated in connection with arrests and

---

[1] For example, the Government's Reply includes a long string cite of decisions approving similar protective orders, *see* ECF No. 13 at 2, but every one of the decisions in that string cite approved a motion in which no opposition was filed by the defendant.

investigations"); *United States v. Hoskins*, 20 Cr. 399 (PGG), ECF No. 15, Tr. 7:4–11:1 (Sept. 1,

2020) (in firearms case, declining to order blanket protective order for law enforcement records,

including NYPD records and body camera footage, over defense counsel's objection).

      Accordingly, the Court finds that the Government has not, at this stage, established good

cause to designate the ATF records as Disclosure Materials.[2]  That is not to say that the

Government could not, on a more particularized basis, establish that at least some of these or any

other records at issue should be designated as Disclosure Materials and subject to a protective

order.  But, for the reasons stated above, the Government's broad assertions as to essentially all

law enforcement records are insufficient at this stage.

### CONCLUSION

      For the reasons stated above, the Government's motion is **GRANTED** with respect to the

designation of the DNA Records as Sealed Materials, and the designation of the Third Party

Materials as Disclosure Materials.  The Government's motion is **DENIED** without prejudice in

all other respects.

      The parties are directed to meet-and-confer, and to submit a proposed protective order

consistent with this Order to the Court within two business days of date of this Order. The

Government shall begin producing documents subject to the Protective Order on a rolling basis

within two business days of issuance of the Protective Order.

---

[2] The Court's reasoning with respect to the ATF Records applies equally to the BWC Footage
and the ECMS Records, such that, even if those materials had not already been disclosed to the
Defendant without restriction in another proceeding, the Court determines that the Government
has not established good cause to subject those materials to a protective order.

The Clerk of the Court is respectfully directed to close Docket Nos. 9 and 12.


SO ORDERED.

Dated: May 31, 2024
       New York, New York

_____
DALE E. HO
United States District Judge