

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 23, 2025

**BY ECF**

Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> The Court is in receipt of the endorsed letter. The parties shall submit a joint status letter by October 1, 2025. The Clerk of Court is respectfully directed to close ECF No 74. **SO ORDERED.**
>
> Dated: September 24, 2025
> New York, New York
>
> Dale E. Ho
> United States District Judge

Re:   **United States v. Christopher White**
      **24 Cr. 300 (DEH)**

Dear Judge Ho:

      Christopher White respectfully submits this letter in reply to the government's response to his request that the Court order MDC Brooklyn to take him to a medical facility to undergo cystic fibrosis screening. The government objects to the request and asks the Court instead to direct the defense "to arrange to have a cystic fibrosis screening 'test kit' sent to the MDC at Mr. White's expense, which MDC personnel would then administer and send to a laboratory for analysis."[1] ECF No. 72.

      The defense does not oppose the government's proposal in theory. But it has yet to confirm that this solution is feasible, as the government did not raise the possibility of having Mr. White produced to the courthouse for a blood draw nor the possibility of having a laboratory

---

[1] The government states the defense filed its request "without further discussing the proposed alternatives and without obtaining the government's position on the request." ECF. No. 72. This is misleading and omits all relevant context. Defense counsel repeatedly engaged with both the government and the MDC Legal Department on multiple occasions between August 20 and September 17 with no resolution. *See* ECF No. 70. On September 9, defense counsel emailed the government: "I plan to file a letter with the Court requesting an order directing the MDC to have Mr. White screened for cystic fibrosis. Please let me know your position." The government responded, without noting its position. Defense counsel again asked, "What is your position on the motion to the Court?" In response, the government asked that the defense "hold off" on filing its motion until hearing from the MDC. The defense noted that the MDC has been aware of this issue for weeks, making clear its intent to file a request with the Court if the issue was not resolved. For the next week, the defense sought a solution short of Court intervention. Several days after requesting the government's position on its motion, nearly a month after its original email to the MDC, with no movement on the issue, the defense filed its motion.

kit sent to the MDC so the test could be administered by their in-house phlebotomist until after the defense filed its motion with the Court on September 17.[2] We have been consulting with medical professionals to determine if this is possible.

Accordingly, we respectfully request that the Court hold Mr. White's motion in abeyance until the defense determines whether it can provide a cystic fibrosis testing kit to the MDC at Mr. White's expense. We will promptly update the Court.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.

*Counsel for Christopher White*

cc:   Benjamin Burkett, Assistant U.S. Attorney

---

[2] The government's letter to the Court states that on September 16, it proposed having the Marshals transfer Mr. White to a government office in the courthouse to administer the blood draw. ECF No. 72 at 3. This is false. On September 16, the government asked the defense if it could identify an individual who could administer the blood draw "somewhere, just not the jail." The defense reiterated that it could not find anyone at all. The government did not, before the defense filed its motion, "propose[ ] having the Marshals, subject to a possible Court order, transfer Mr. White" to the courthouse for a medical provider to administer the blood draw there.